By the Court:
The action below was on a supersedeas bond given under the third paragraph of section 6718, Revised Statutes, for the purpose of staying execution upon a judgment of the circuit court, pending proceedings in error in this court. The amount of the bond was fixed by the court of common pleas at $550.00,- and stipulated that should the judgment be affirmed, the bondsmen would pay “the value of the use and occupa *234 tion of the property not exceeding the sum of five hundred and fifty dollars,” to the defendants, “and pay all costs that have accrued or that may accrue in the supreme court.” The language of the statute, however, is that if the judgment is affirmed they will pay “the value of the use and occupation from the day of the undertaking until the delivery of the possession, pursuant to judgment, and all costs” and the bond must be construed according to the statute under which it is given; so that the limit of the sureties’ liability on the bond is the amount fixed by the court for which it is to be given.
On the affirmance of the judgment, the surety on the bond in connection with the principal, entered into an agreement by which he paid the defendants in error the sum of $550, which it was agreed should be in full satisfaction of his liability on the bond: The parties entitled to costs were not parties to the agreement, and nothing was or has been paid them. The plaintiff, Curry, is the owner by assignment of all the costs, and asks to recover on the bond the costs made in the case, amounting to $291.45, with interest. It is claimed that the persons entitled to costs are not obligees of the bond, and cannot, therefore, interfere with a settlement made by the obligors and obligees. We think this is erroneous. The bond, under the statute, is given to secure costs as well as the value of use and accupation, and those entitled thereto are therefore obligees or beneficiaries as well as the defendants in error, and no settlement of the bond to Avhich they are not parties can affect their rights as beneficiaries.
It is true the amount of the bond is fixed at $550 and the surety cannot be compelled to pay more; but where, as seems to have been the case here, the value of the use and occupation and the costs of suit in the aggregate, exceed the amount of the bond, the amount of the bond must be distributed among the beneficiaries according to the amount of their respec *235 tive claims; it must be treated as a fund held for the equal benefit of all the beneficiaries. The finding does not ascertain what the value of the use and occupation in fact was. It seems to have been assumed to be the amount agreed on by the parties to the settlement; and as no objection was made to the finding, we must accept it in that regard as fixing the value of the use and occupation of the land.
The plaintiff, however, was entitled to a fro rata share of the amount of the bond, and is now entitled to judgment against the bondsmen for such portion of the $550 as he would have recovered had the fund been distributed according to the respective claims of all the beneficiaries. Of this the surety cannot complain; for although he will in fact pay more than the amount of the bond, it results from his own wrong in paying the entire amount of the bond to a part of the beneficiaries in disregard of the rights of the others.
Judgment reversed and cause remanded to the court of common pleas for the rendition of a judgment for the plaintiff in accordance with this opinion

Reversed and remanded.